## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CARL BAKER** | * | **Case No.** |
| **Plaintiff,** | * | **JURY TRIAL DEMANDED** |
| **v.** | * | |
| **LEVY & ASSOCIATES, LLC** | * | |
| **c/o THE CORPORATION TRUST, INCORPORATED** | | |
| **2405 YORK ROAD, SUITE 201** | * | |
| **Lutherville Timonium MD 21093-2264** | | |
| **Resident Agent** | * | |
| **Defendant** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### JURISDICTION

1.    Jurisdiction of this Court arises under 29 USC § 1331 and pursuant to 15 U.S.C. §1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant in its illegal efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.    Plaintiff, Carl Baker is a natural person who resides in Prince Georges County, State of Maryland and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

5.    Defendant, Levy & Associates**,** LLC, (hereinafter "Defendant") is an Ohio Limited Liability law firm and a collection agency operating from an address at 2489 Stelzer Road, Coumbus, Ohio 43093 and is a "debt collector" as that term is defined by 15 U.S. C. § 1692a (6).

6.    Plaintiff has no financial obligation owed to American Express National Bank ("American") that was primarily for personal, family or household purposes, that allegedly went into default for late payment and is therefore an alleged "debt" as that term is defined by 15 U.S.C. §1692a (5).

**7.**      American retained the legal services of Defendant sometime in or around April 30, 2025, and then filed three (3) separate adversaries in the Upper Marlboro District Court for Princes County against Plaintiff on April 30, 2025 for nonexistent consumer debts with case numbers D-05-CV-25-022919, D-05-CV-25-022925 and D-05-CV-25-011552 respectively. None of these 3 adversaries included any evidence that corroborated the allegation the Plaintiff owed a consumer debt to American.

8.      The Plaintiff asserts he called the Defendant on numerous occasions for the purpose of explaining the mistake made but was only able to leave a voicemail with no return communication. Defendant's web site did not provide an email address to contact.

9.      The Plaintiff had no choice but to retain counsel to defend himself against the 3 adversaries filed.

10.      Plaintiff's counsel submitted to Defendant 3 separate Request for Admission ("RFA") discovery on January 26, 2026, and no timely response was received. A copy of the RFAs and respective certificates are attached and marked as **Exhibits "A", "B" and "C".**

11.      Plaintiff's counsel attended the evidentiary hearing on April 9, 2026. Plaintiff's counsel showed the RFA to Defendant's counsel the RFA at the beginning of the hearing. Defendant's counsel then made an oral motion to dismiss their 3 adversaries. Hours of unnecessary legal time and effort could have been avoided if the Defendant had merely responded to the discovery or multiple phone calls made by the Plaintiff and Plaintiff's counsel.

12.      The unjustified litigation caused the Plaintiff emotional stress.

13.       These adversaries are violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d (5) amongst others.

## SUMMARY

14.      The above-detailed conduct by Defendant of filing 3 unjustified adversaries to collect 3 fictious debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all the above-mentioned provisions of the FDCPA.

15.      Plaintiff has suffered actual damages by retaining counsel for a fee, and also in the form of anxiety, emotional distress, fear, amongst other negative emotions. as a result of these fictious obligations.

## TRIAL BY JURY

16.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Coast amend 7. Fed.R.Civ.P.38.


## CAUSE OF ACTION

### COUNT 1.
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES, ACT
### 15 U.S.C. § 1692 ET seq


17.    Plaintiff incorporated by reference all the above paragraphs of this Complaint as though fully stated herein.


18.    The foregoing intentional and negligent acts and omissions of each adversary filed by the Defendant constitute numerous and multiple violations of FDCPA including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.


19.    As a result of each Defendant's violation of the FDCPA.  Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant herein.


## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff** prays that judgment he entered against Defendant.


Dated: April 22, 2026,                    Respectfully submitted,


/s/ Robert N.Grossbrt
Robert N. Grossbart, Esquire
Client Protection # 8706010176
One Charles Center
100 North Charles Street, 20th Floor
Baltimore, Maryland 21201
Robert@grossbartlaw.com
(410) 837-0590
Attorney for Plaintiff